IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY BOHANNON                                                    PLAINTIFF

v.                          Civil No. 12-2216

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Gary Bohannon, brings this action under 42 U.S.C. § 405(g), seeking judicial
review of a decision of the Commissioner of Social Security Administration (Commissioner)
denying his claim for a period of disability and disability insurance benefits ("DIB") under Title
II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).
In this judicial review, the court must determine whether there is substantial evidence in the
administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.   Procedural Background:

Plaintiff filed his application for DIB on February 11, 2010, alleging an onset date
January 4, 2010, due to bipolar disorder, high blood pressure, cholesterol, diabetes, and
depression. Tr. 129-135, 166, 196-197, 233-234. His claims were denied both initially and upon
reconsideration.  Tr. 75-76, 79-85.  An administrative hearing was then held on January 19,
2011.  Tr. 34-74.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner
Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 41 years of age and possessed the equivalent of a high school education.  Tr. 39, 129, 167 .  He had previously as an automobile service station attendant, deckhand, and power shovel operator.  Tr. 168, 175-194 .

On June 16, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's bipolar disorder, panic disorder with agoraphobia/anxiety disorder not otherwise specified, impulse control disorder/adjustment disorder with mixed anxiety and depressed mood, personality disorder not otherwise specified, and polysubstance abuse in early remission did not meet or equal any Appendix 1 listing.  Tr. 13-15.  The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations:

> he is limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little required judgment, and the supervision required is simple, direct, and concrete.  The work should not involve hazards (i.e., no work at unprotected heights and no work around unprotected moving machinery) and should not include driving as a part of work.

Tr. 16.   With the assistance of a vocational expert, the ALJ then found that Plaintiff could perform work as furniture hardwood assembler, middle furniture assembler, industrial cleaner, and kitchen helper.  Tr. 21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 16, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF No. 10, 11.

2

II.   **Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

3

A.    **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III.   **Discussion:**

In the present case, the Plaintiff suffered from bipolar disorder. We note that the ALJ dismissed his subjective complaints, stating that plaintiff had failed to follow medical advice and take his medication as prescribed. Tr. 18. While we do agree that the record reveals periods during which plaintiff did not take his medication, we are also aware of the fact that it is not uncommon for patients suffering from bipolar disorder and/or schizophrenia to discontinue their medications at will. *See* DSM IV-TR 304, 321, 359; Charolette E. Grayson, *Bipolar Disorder: Taking Your Bipolar Medication*, *at* www.webmd.com; Agnes Hatfield, *Medication Non-Compliance*, *at* www.schizophrenia.com. According to the DSM, patients suffering from schizophrenia, schizoaffective disorder, and bipolar disorder also suffer from anosognosia, or poor insight. DSM IV-TR 304, 321, 359 (4th ed. 2000). "Evidence suggests that poor insight

4

is a manifestation of the illness, rather than a coping strategy. . . .  This symptom predisposes the individual to noncompliance with treatment and has been found to be predictive of higher relapse rates, increased number of involuntary hospital admissions, poorer psychosocial functioning, and a poorer course of illness." *Id*.  As such, we believe that the ALJ should have taken this into consideration prior to rendering his opinion.  Because the ALJ failed to do so in this case, we cannot say that substantial evidence supports the ALJ's dismissal of plaintiff's subjective complaints on the basis of plaintiff's failure to take his medication as prescribed.  Accordingly, on remand, the ALJ should question plaintiff's treating physicians regarding the cause of plaintiff's failure to take his medication and the effect, if any, it has on his condition.

The ALJ also uses Dr. Patricia Walz's statement that Plaintiff's MMPI was considered invalid because "he endorsed a wide variety of symptoms resulting in a very elevated profile," to suggest that Plaintiff was exaggerating and that his mental evaluation was unreliable.  Tr. 511. While Dr. Walz did indicate that no information could be gleaned from his personality profile, she also indicated that he appeared to give good effort on testing, attended carefully to the tasks and performed at a level consisted with well motivated normal controls.  To her, this suggested that his effort on the mental status examination was adequate.  She went on to diagnose him with bipolar I disorder, assess him with a global assessment of function score of 40-45[2], and report marked limitations in the areas of making judgments on simple work-related decisions and carrying out complex instructions.  Tr. 511, 512.  Further, she noted moderate limitations with regard to interacting appropriately with the public, supervisors, and co-workers.  Accordingly,

---

[2]A GAF in this range is indicative of a serious impairment.  *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

on remand, the ALJ is directed to reconsider Dr. Walz's opinion, considering it in its entirety. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record).

We are also troubled by the ALJ's conclusion that Plaintiff quit work for reasons unrelated to his impairments. Plaintiff testified that his anxiety was "crippling", rendering him unable to sleep and affecting his work attendance. Tr. 45. He indicated that he had last worked for friends who made accommodations for his frequent absenteeism and need to leave work early. Tr. 44. However, in January 2010, the company was bought out and management was replaced. The new owners and managers did not accommodate Plaintiff's absenteeism, and Plaintiff was laid off. Plaintiff had attempted to obtain his employment records to document his absenteeism, but had met with resistance due to the buy out. Tr. 45-47. Accordingly, on remand, the ALJ should request Plaintiff's employment records, including his attendance records.

**IV.**   **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of September 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

6